COPY

1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   David S. Elkins (State Bar # 148077)
2  DElkins@ssd.com
   Xavier M. Brandwajn (State Bar # 246218)
3  XBrandwajn@ssd.com
   600 Hansen Way
4  Palo Alto, CA 94304-1043
   Telephone: +1.650.856.6500
5  Facsimile: +1.650.843.8777

6  Attorneys for Plaintiffs
   NAMCO BANDAI GAMES INC. and
7  NAMCO BANDAI GAMES AMERICA, INC.

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12
   NAMCO BANDAI GAMES INC., a           Case No.  C07  05674 JCS
13 Japanese corporation, and NAMCO
   BANDAI GAMES AMERICA, INC., a        COMPLAINT FOR:
14 Delaware corporation,
                                        (1) FEDERAL TRADEMARK
15              Plaintiff,                  INFRINGEMENT;
                                        (2) FEDERAL FALSE DESIGNATION OF
16         vs.                              ORIGIN
                                        (3) FEDERAL DILUTION OF FAMOUS
17 EAGLE DISTRIBUTING INC., a Nevada        MARKS;
   corporation,                         (4) COMMON LAW UNFAIR
18                                          COMPETITION
                Defendant.              (5) FEDERAL COPYRIGHT
19                                          INFRINGEMENT
                                        (6) IMPOSITION OF A CONSTRUCTIVE
20                                          TRUST; AND
                                        (7) ACCOUNTING
21
                                        JURY TRIAL DEMANDED
22

23

24

25

26

27

28

COMPLAINT
CASE NO.

Plaintiffs NAMCO BANDAI GAMES INC. and NAMCO BANDAI GAMES AMERICA, INC. (collectively "NAMCO") alleges as follows:

### NATURE OF THE ACTION

1. NAMCO brings this action to remedy defendant EAGLE DISTRIBUTING, INC.'s ("Eagle") unlawful manufacture and/or importation, advertising, sale and distribution of counterfeit videogames and videogame arcade consoles bearing NAMCO's federally registered trademarks and infringing NAMCO's federally registered copyrights.

### THE PARTIES

2. Plaintiff NAMCO BANDAI GAMES INC. ("NBGI") is a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan. NBGI is one of the world's leading innovators and makers of videogames and videogame arcade consoles. While perhaps most famous as the developer of *Pac-Man*, NBGI has also developed and distributed many other famous videogame titles, including *Ms. Pac-Man*, *Galaxian*, *Rally-X*, *Galaga*, *Dig Dug*, *Pole Position*, *Xevious*, *King & Balloon* and *Mappy*. NBGI manufactures and sells arcade-type videogame consoles (typically coin-operated) for play in arcades, restaurants, movie theaters and the like.

3. NAMCO BANDAI GAMES AMERICA INC. ("NBGA") is a Delaware corporation with its principal place of business in Santa Clara, California. Among other things, NBGA is the exclusive licensee (but with sublicensing rights) in North, Central and South America for the NBGI trademarks and copyrights associated with the videogames and the videogame arcade consoles that are the subject of this Complaint.

4. Defendant Eagle is a Nevada corporation with its principal place of business in Frankfort, Illinois. Among other things, Eagle is engaged in the business of selling arcade videogames and consoles.

### JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act") and 17 U.S.C. §101, *et seq.* (the "Copyright Act"), for trademark infringement, false

designations of origin and representations, dilution and copyright infringement. Pursuant to 18 U.S.C. §1367, this Court has supplemental jurisdiction over NAMCO's common law claims. Because the amount in controversy exceeds $75,000, exclusive of costs, this Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332.

6. Eagle is subject to personal jurisdiction in this judicial district. Among other things, Eagle advertises and sells infringing products in and distributes infringing products to this district. In addition, the effects of Eagle's counterfeiting and other unlawful conduct are felt directly in this district by NBGA. Venue is thus proper in this district pursuant to 28 U.S.C. §1391(c).

## INTRADISTRICT VENUE

7. Pursuant to Civil Local Rule 3-2(e), intradistrict venue is proper in the San Jose Division of this Court because Eagle advertises and sells infringing products in and distributes infringing products within the San Jose Division. Intradistrict venue is additionally proper in the San Jose Division because the effects of Eagle's counterfeiting and other unlawful conduct are felt directly in this district by NBGA, whose principal place of business is in Santa Clara.

## FACTUAL BACKGROUND

8. NAMCO manufactures and/or sells the famous *Pac-Man* and other videogames and videogame arcade consoles. Starting in 1979 and continuing to the present, NAMCO's trademarked and copyrighted *Pac-Man, Ms. Pac-Man, Galaxian, Rally-X, Galaga, Dig Dug, Xevious, King & Balloon, Mappy* and other videogames have signified high quality videogames to the public.

9. The *Pac-Man, Ms. Pac-Man, Galaxian, Rally-X, Galaga, Dig Dug, Xevious, King & Balloon* and *Mappy* trademarks (collectively the "NAMCO Trademarks" or "NAMCO Marks") are inherently distinctive, have achieved widespread secondary meaning, and are registered in the United States Patent and Trademark Office, among other registrations, as follows:

## NAMCO'S TRADEMARK REGISTRATIONS

| Mark | Type of Mark | Reg. Date | Reg. No. | Goods |
|---|---|---|---|---|
| PAC-MAN | word mark | 11/29/83 | 1,259,524 | Coin and non-coin operated electronic amusement apparatus for playing a game on a video output display |
| PAC-MAN | word mark | 12/06/83 | 1, 260,102 | Equipment sold as a unit for playing a video output game |
| PAC-MAN | word mark | 08/14/84 | 1,290,268 | Videogame cartridges |
| PAC-MAN | word mark | 06/17/03 | 2,727,619 | Gaming machines |
| MS. PAC-MAN | word mark and design | 05/22/84 | 1,279,066 | Coin and non-coin operated electronic amusement apparatus for playing a game on a video output display |
| MS. PAC-MAN | word mark | 05/11/04 | 2,840,603 | Gaming machines |
| GALAXIAN | design | 01/17/95 | 1,873,982 | Coin-operated amusement game machines |
| GALAXIAN | word mark | 09/09/97 | 2,095,564 | Videogame programs and videogame cartridges |
| RALLY-X | word mark | 10/12/99 | 2,285,955 | Videogame cartridges and computer game programs |
| GALAGA | Word mark and design | 11/06/99 | 1,621,388 | Videogame cartridges |
| GALAGA | Word mark | 01/12/93 | 1,746,475 | Videogame machines, videogame cards, videogame discs, handheld electronic game machines |
| GALAGA | Word mark and design | 03/10/98 | 2,142,908 | Videogame programs, videogame cartridges and videogame CD-ROMs |
| DIG DUG | Word mark | 06/04/91 | 1,646,937 | Videogame cartridges |
| XEVIOUS | Word mark | 05/12/98 | 2,157,730 | Videogame cartridges and videogame programs |
| KING & BALLOON | Word mark and design | 05/15/07 | 3,242,819 | Videogame cartridges and computer game programs |

| Mark | Type of Mark | Reg. Date | Reg. No. | Goods |
|---|---|---|---|---|
| MAPPY | Word mark | 09/06/94 | 1,853,190 | Coin or card operated amusement machines, videogame machines, printed circuit board for videogame machines, box for videogame machines; videogame cartridges, videogame cards, videogame discs, videogame tapes, all encoded videogame programs, handheld electronic game machines |

10. Each of the registrations above is valid and existing pursuant to 15 U.S.C. §§1065 and 1115(b). Through decades of use, the *Pac-Man, Ms. Pac-Man, Galaxian, Rally-X, Galaga, Dig Dug, Xevious, King & Balloon* and *Mappy* videogames have achieved a nationwide reputation as games of high standards and quality. NAMCO continues to devote significant resources to the development, promotion and protection of the NAMCO Trademarks.

11. NBGI also owns federally registered copyrights in its videogames as audiovisual works, as follows:

### NAMCO'S COPYRIGHT REGISTRATIONS

| Mark | Reg. Date | Reg. No. | Nature of Work |
|---|---|---|---|
| DIG DUG | 04/16/82 | 133-618 | Audiovisual work |
| GALAGA | 05/18/82 | 136-152 | Audiovisual work |
| GALAXIAN | 05/23/80 | 68-323 | Audiovisual work |
| JR. PAC-MAN | 04/05/84 | 216-322 | Audiovisual work |
| MAPPY | 02/13/84 | 216-647 | Audiovisual work |
| MS. PAC-MAN | 06/25/82 | 140-275 | Audiovisual work |
| PAC-MAN | 11/13/80 | 83-768 | Audiovisual work |
| RALLY-X | 09/07/82 | 150-262 | Audiovisual work |
| SUPER PAC-MAN | 06/14/83 | 158-840 | Audiovisual work |
| XEVIOUS | 03/11/83 | 184-749 | Audiovisual work |

12. The persistent success over time of the videogames listed above has unfortunately led to a substantial amount of counterfeiting or attempted counterfeiting. Because NBGI is the owner of the NAMCO Marks and copyrights associated with the videogames and videogame arcade consoles — and is the sole manufacturer of consoles — and because NBGA is the sole

authorized manufacturer and NBGA is the exclusive licensee in this country (and hemisphere) of NGBI's Marks and copyrights, the sale of counterfeit products has greatly damaged NAMCO. NAMCO has no ability to control the quality of counterfeit products, and counterfeit videogames and videogame consoles are often inferior to the genuine NAMCO or NAMCO-authorized products. Nor are counterfeit games covered by NAMCO warranties. The sale of counterfeit NAMCO videogames and videogame consoles has thus damaged and continues to damages NAMCO's reputation.

13. NAMCO has thus taken action to eliminate counterfeit NAMCO products from the market and take appropriate action against the perpetrators of counterfeit products. Since 1979, NAMCO and its licensees have continually policed NAMCO's Marks and copyrights and have successfully pursued manufacturers and sellers of counterfeit NAMCO products in civil proceedings.

14. Eagle sells, among other things, videogame consoles and related items. The company portrays itself on its website (http://www.eagled.com/profile.htm) as follows:

> We have emerged into one of the largest companies of its kind selling unique hard to find game room products. With the incredible boom of the Internet around 1987-1998 we decided to make hard to find amusement devices such as the products we sell and advertise on the website available and affordable to the rest of the world. We were the first amusement device company to use the Internet as a marketing tool for selling products such as ours. In fact our website gets so much traffic and business from customers all over the United States and other parts of the world that we had to purchase, administer, and host our own dedicated web servers and have our own multiple T1 lines. We get around 200,000 visitors per month to our website and many customers to our warehouse showroom. Eagle Distributing Inc. is now a multi million dollar a year corporation.

15. Through its efforts to detect and end the counterfeiting of NAMCO videogames and videogame consoles, NAMCO discovered that Eagle is advertising, selling and distributing counterfeit NAMCO videogames and videogame consoles — products that NAMCO has not manufactured, sponsored or authorized. Eagle is using the NAMCO Marks on its counterfeit products and on its website in an effort to confuse the public and to benefit from their fame and success. And Eagle is copying and distributing NAMCO videogames without authorization.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

COMPLAINT
CASE NO.

- 5 -

16. One example of how Eagle is using the NAMCO Marks and copying and distributing NAMCO's copyrighted videogames is Eagle's "Ms. Pac-Man & More" videogame console. Eagle claims to the "exclusive" seller of this product, indicating that Eagle is the manufacturer and/or importer of the product. The product itself (pictured below) is a table-style arcade console called a "cocktail game cabinet" because of the style's popularity in pubs and similar establishments.



http://www.eagled.com/cocktailgames.htm

This particular product is different from any videogame console made by NAMCO or its former licensee, Bally Midway Manufacturing. It not only contains *Ms. Pac-Man*, but also 47 other videogame titles, including NAMCO titles *Pac-Man*, *Jr. Pac-Man*, *Super Pac-Man*, *Galaxian*, *Rally-X*, *Galaga*, *Dig Dug*, *Xevious* and *Mappy*, as well as videogames developed by other companies who are NAMCO competitors. Eagle's advertising, however, focuses on NAMCO titles:

*This product sold exclusively by Eagle Distributing Inc.*





*Ms. Pac-Man & more cocktail game!*

*48 games in 1!*

COMPLAINT
CASE NO.
- 6 -
SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

*See* http://www.eagled.com/cocktailgames.htm. NAMCO has never made or sold NAMCO videogames bundled in this manner. Nor would NAMCO authorize anyone else to do so. To date, the only NAMCO-authorized videogame arcade console featuring more than one videogame is one that has *Pac-Man, Ms. Pac Man* and *Galaga*, and that is a recent console exclusively made and sold by NAMCO's only licensee.

17.  Eagle's advertising, sale and distribution of its "Ms. Pac-Man & More" console and similar products — including its "GameboX Multi-Game Arcade Systems" with up to 1,000 videogames bundled in one console, and/or its portable "Arcade Station" console that plugs directly into a TV or video monitor — does not reflect Eagle's mere resale or "refurbishment" of videogame consoles originally sold by NAMCO or its former licensee Bally Midway Manufacturing Co. The infringing videogame consoles that Eagle advertises and sells can only be made by unlawfully copying the copyright-protected videogames from a protected source into the multi-game console. Moreover, while Eagle's website declares that "[a]ll graphics are manufactured under license from NAMCO, LTD. and provided by TwoBits" (http://eagled.com/coctailgames.htm), Two-Bit Score, Inc. is not a licensee of NAMCO (that company let its license agreement expire). Even when Two-Bit Score was a licensee, however, its license to reproduce and sell NAMCO's trademarked graphics was limited to (a) graphics for the *Pac-Man, Ms. Pac-Man* and *Galaga* videogames, and (b) providing such materials for the sole purpose of repairing *Pac-Man, Ms. Pac-Man* and *Galaga* games manufactured before 1985. The videogame arcade consoles advertised and sold by Eagle are clearly new and include other marks.

18.  Eagle's use of the NAMCO Marks in connection with the advertising, sale and distribution of products that NAMCO has not made or authorized constitutes the use of counterfeit marks and is likely to cause confusion, mistake or deception as to the source or origin of Eagle's goods. In particular, the public and others are likely to believe that Eagle's goods are provided, sponsored, approved or licensed by NAMCO, or are affiliated with or in some other way legitimately connected with NAMCO, all causing it irreparable harm.

COMPLAINT
CASE NO.

- 7 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

19. Eagle's unlawful copying of NAMCO videogames further damages NAMCO by depriving it of revenue that NAMCO would realize but for Eagle's infringement. Eagle's copying is willful, given that the NAMCO videogames playable through Eagle's videogame arcade consoles and other products are duplicates of the original, copyright-protected videogames. Eagle's copying of NAMCO's videogames is an apparent effort to confuse customers into believing that they are purchasing licensed, authentic videogames sponsored by NAMCO.

20. Because of Eagle's acts, NAMCO has suffered and will continue to suffer damage to its business, reputation and goodwill, as well as lost sales and profits that NAMCO would have made but for Eagle's acts. Eagle will continue to engage in the acts described above and will continue to damage and irreparably harm NAMCO unless enjoined. NAMCO's remedies at law are thus not adequate to compensate it for all of the injuries Eagle's acts are causing.

## COUNT I
### (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114)

21. NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-20 above.

22. NAMCO has marketed, advertised and promoted its products under the NAMCO Trademarks. As a result of this marketing, advertising and promotion, NAMCO's products, as well as the NAMCO Trademarks, have come to mean and are understood to signify the products of NAMCO, and are the means by which those products are distinguished from those of others in the same and in related fields.

23. NAMCO's Trademarks are inherently distinctive. Because of the long, continuous and exclusive use of NAMCO Marks described in this Complaint, NAMCO's Trademarks have also acquired secondary meaning associated by customers and the public with NAMCO and its videogames and videogame consoles and related items.

24. Eagle's activities constitute the unauthorized use in California and in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of NAMCO's Trademarks.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

COMPLAINT
CASE NO.

- 8 -

1  Such activities are likely to cause confusion, mistake or deception as to the source, origin or
2  approval of the infringing products.

3      25.    Further, Eagle's unauthorized activities are intended to lead — and likely are
4  leading — the public incorrectly to conclude that the infringing products advertised, marketed,
5  sold and distributed by Eagle originate with, are sponsored by or are authorized by NAMCO.
6  Such incorrect conclusions damage NAMCO and the public.

7      26.    Eagle's activities constitute willful and deliberate infringement of NAMCO's
8  Trademarks in violation of the Lanham Act, including without limitation 15 U.S.C. §1114(1).

9      27.    As a result of the foregoing, NAMCO has been damages in an amount that will be
10 ascertained according to proof but in excess of $75,000. In addition to its actual damages,
11 NAMCO is entitled to recover Eagle's profits pursuant to 15 U.S.C. §1117(a). These actual
12 damages and profits should be trebled and reasonable attorneys' fees awarded pursuant to 15
13 U.S.C. §1117(b). In the alternative, NAMCO is entitled to statutory damages pursuant to 15
14 U.S.C. §1117(c). Such statutory damages should be enhanced under 15 U.S.C. §1117(c)(2)
15 because of Eagle's willful infringement.

16     28.    Eagle's activities have caused and will cause irreparable harm to NAMCO for
17 which it has no adequate remedy at law. In particular, (a) if Eagle's conduct continues,
18 consumers will likely become further confused as to the source of Eagle's products;
19 (b) NAMCO's Trademarks are unique, valuable and iconic property, the persistent popularity of
20 which demonstrates their immeasurable market value; (c) Eagle's infringement and irreparable
21 injury interferes with and diminishes NAMCO's goodwill and customer relationships; and
22 (d) Eagle's wrongful conduct, and the resulting damages to NAMCO, continues. NAMCO is thus
23 entitled to injunctive relief pursuant to 15 U.S.C. §1116(a), against Eagle and anyone in active
24 concert with Eagle, and to an order under 15 U.S.C. §1116(d)(1)(A) impounding all counterfeit
25 and infringing products bearing NAMCO's Trademarks.

SQUIRE, SANDERS &  
DEMPSEY L.L.P.  
600 Hansen Way  
Palo Alto, CA 94304-1043

COMPLAINT  
CASE NO.

- 9 -

## COUNT II
### (FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION OF NAMCO'S MARKS AND LOGOS UNDER 15 U.S.C. §§1125 *ET. SEQ.*)

29. NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-28 above.

30. NAMCO has acquired and uses distinctive, aesthetically pleasing marks and logos for its products. The public easily recognizes these marks and logos and understands them to mean that the products connects with them originate with NAMCO and are genuine NAMCO products.

31. Eagle's unauthorized advertising, sale and distribution of products with marks and logos that are indistinguishable from NAMCO's marks and logos constitute false designation of origin, false description and false representation that Eagle's products originate from or are sponsored by NAMCO. Eagle's activities violate Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

32. As a result of the foregoing, NAMCO has been damaged in the amount that will be ascertained according to proof but in excess of $75,000. NAMCO's damages include both actual damages as well as lost profits and damage to NAMCO's reputation and goodwill.

33. Eagle's activities have caused and will cause irreparable harm to NAMCO for which it has no adequate remedy at law. In particular, Eagle's past and ongoing actions, as alleged above, are causing irreparable harm, continuing to the foreseeable future, and is a serious and unmitigated hardship. NAMCO will continue to suffer irreparable injury to its goodwill, rights and business, unless and until Eagle and any others in active concert with Eagle are enjoined from continuing their wrongful acts.

## COUNT III
### (DILUTION OF FAMOUS MARKS UNDER 15 U.S.C. §1125(C))

34. NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-28 above.

35. As alleged above, the NAMCO Marks are distinctive and aesthetically pleasing. The public easily recognizes these marks and logos and understands them to mean that the

products connects with them originate with NAMCO and are genuine NAMCO products. The products associated with the NAMCO Marks have been persistently successful in the market for many years.

36. Without authority, Eagle has been using NAMCO's Marks on its products and on its website (http://eagled.com/index.htm) to advertise, market and distribute infringing materials in interstate commerce.

37. As a result of Eagle's activities, NAMCO's Marks have been diluted within the meaning of 15 U.S.C. §1125(C). Eagle's unauthorized use of the NAMCO Marks has diminished the capacity of those marks to identify and distinguish NAMCO's goods from those of Eagle, and is substantially likely to confuse or deceive NAMCO's customers and potential customers.

38. Eagle's conduct has been and is willful and specifically calculated to confuse and deceive consumers.

39. As a result of the foregoing, NAMCO has been damaged in the amount that will be ascertained according to proof but in excess of $75,000. NAMCO's damages include both actual damages as well as lost profits and damage to NAMCO's reputation and goodwill.

40. Eagle's past and ongoing actions, as alleged above, are causing irreparable harm, continuing to the foreseeable future, and is a serious and unmitigated hardship. NAMCO will continue to suffer irreparable injury to its goodwill, rights and business, unless and until Eagle and any others in active concert with Eagle are enjoined from continuing their wrongful acts.

### COUNT IV
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

41. NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-28 above.

42. NAMCO, its predecessors and affiliates have continuously advertised, promoted, offered for sale and sold goods in connection with the NAMCO Marks throughout the United States, including California.

43. Without authorization, Eagle is importing or manufacturing (or causing to be imported or manufactured), advertising, selling and distributing goods that use one or more

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

COMPLAINT
CASE NO.

- 11 -

1  NAMCO Marks. Among other things, Eagle is improperly passing off its products as having been manufactured, licensed, sponsored or otherwise authorized by NAMCO.

44. Eagle's activities, as detailed above, violate California common law. In particular, Eagle's use of NAMCO's Marks in connection with the advertising, sale and distribution of counterfeit videogames and videogame consoles is likely to cause confusion (and, on information and belief, has already caused confusion) among the public as to whether NAMCO is affiliated or associated with Eagle's products or otherwise makes or sponsors them.

45. As a direct and proximate cause of Eagle's conduct, NAMCO has been damaged in an amount to be ascertained but in excess o $75,000. In addition, Eagle has been and is being unjustly enriched by its misappropriation of NAMCO's Marks and the goodwill they represent.

46. Eagle's past and ongoing actions, as alleged above, are causing irreparable harm, continuing to the present and foreseeable future, and is a serious and unmitigated hardship. NAMCO will continue to suffer irreparable injury to its goodwill, rights and business, unless and until Eagle and any others in active concert with Eagle are enjoined from continuing their wrongful acts.

## COUNT V
### (FEDERAL COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§106 AND 501)

47. NAMCO realleges and incorporates by this reference its allegations contained in paragraph 1-20.

48. NAMCO has obtained Certificates of Copyright Registration for the videogames listed in paragraph 11 above.

49. Eagle is infringing NAMCO's copyrights by copying and distributing NAMCO's videogames without permission, in violation of 17 U.S.C. §§106 and 501.

50. As a direct and proximate cause of Eagle's conduct, NAMCO has been damaged in the amount to be ascertained according to proof but in excess of $75,000. NAMCO is entitled to its actual damages and, to the extent not taken into account by actual damages, any profits realized by Eagle as a result of its infringement.

51.  Eagle's past and ongoing actions, as alleged above, are causing irreparable harm, continuing to the present and foreseeable future, and is a serious and unmitigated hardship. NAMCO will continue to suffer irreparable injury to its goodwill, rights and business, unless and until Eagle and any others in active concert with Eagle are enjoined from continuing their wrongful acts.

52.  Eagle's acts of infringement have been and are committed with knowledge of NAMCO's rights in its copyrighted words and is thus willful and deliberate.  As a result, NAMCO is entitled to enhanced damages and to its costs and reasonable attorneys' fees.

## COUNT VI
### (IMPOSITION OF A CONSTRUCTIVE TRUST)

53.  NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-52 above.

54.  As detailed above, Eagle has engaged and continues to engage in deceptive, wrongful conduct resulting in trademark, copyright infringement and unfair competition. NAMCO is entitled to recover any profits that Eagle has realized as a result of its wrongful activity.

55.  NAMCO is not presently aware of where Eagle may have deposited its illegally realized profits resulting from the wrongful acts detailed in this Complaint.  NAMCO anticipates that such illegally realized profits, whether in bank accounts or in the form of real or other personal property, will be traced in this action.

56.  As a result of its wrongful acts, Eagle holds its illegally realized profits as constructive trustee for NAMCO.

## COUNT VII
### (ACCOUNTING)

57.  NAMCO realleges and incorporates by this reference its allegations contained in paragraphs 1-56 above.

58.  Pursuant to the Lanham Act and the Copyright Act, NAMCO is entitled to recover whatever profits Eagle realized through its acts of infringement.

59.     Pursuant to the Lanham Act and the Copyright Act, NAMCO is additionally entitled to recover actual damages or statutory damages sustained through Eagle's acts of infringement.

60.     The amount of money damages due from Eagle to NAMCO is unknown and cannot be ascertained without an accounting of the number of counterfeit or otherwise infringing units that Eagle has offered for sale or sold or distributed.

## PRAYER FOR RELIEF

NAMCO respectfully requests that the Court enter judgment in NAMCO's favor and against Eagle providing as follows:

1.     That Eagle:

   a.     Willfully infringed and is willfully infringing NAMCO's rights in its federally registered trademarks as set forth in 15 U.S.C. §1114;

   b.     Committed and is committing acts of false designation or origin, false or misleading description of fact, and false or misleading representation against NAMCO as set forth in 15 U.S.C. §1125(a);

   c.     Willfully diluted and is willfully diluting NAMCO's rights in its mark within the meaning of 15 U.S.C. §1125(c);

   d.     Willfully infringed and is willfully infringing NAMCO's rights in its federally registered copyrights under 17 U.S.C. §§106 and 501; and

   e.     Unfairly competed and is unfairly competing with, and has injured and is injuring the business, reputation and goodwill of NAMCO, through the acts set forth in this Complaint.

2.     That the Court issue an injunction against Eagle and its officers, agents, representatives, servants, employees, attorneys, accountants, successors and assigns, and anyone in active concert with Eagle, enjoining them from:

   a.     Copying or marking any other unauthorized use or unauthorized advertising, offers to sell, sales or distributions of products protected by NAMCO's Marks or copyrights;

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

COMPLAINT
CASE NO.

- 14 -

     b.     Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the NAMCO Marks;

     c.     Using any simulation, reproduction, counterfeit, copy or colorable imitation of NAMCO Marks or copyrighted audiovisual works in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion or display of any videogames or other products not authorized or licensed by NAMCO;

     d.     Engaging in any other activity constituting infringement of NAMCO's Marks or copyrights;

     e.     Using any false designation of origin or false description that can or is likely to lead the trade or public or individuals to believe, erroneously, that any product or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for NAMCO, when such is not true in fact;

     f.     Using reproductions, counterfeits, copies or colorable imitations of NAMCO's Marks and copyright audiovisual works in the distribution, offering for distribution, circulation, sale, offering for sale, importation, advertisement, promotion or display of any merchandise that NAMCO has not licensed or has not otherwise authorized;

     g.     Disposing of or destroying any records or documents or related materials that relate to or show, indicate, reference or otherwise indicate that Eagle has installed, marketed, advertised, imported, manufactured, sold or distributed any products that either (i) bear NAMCO's Marks or any other simulation, copy, colorable imitation or counterfeit of NAMCO's Marks, or which is likely to cause confusion or mistake with any such mark; or (ii) duplicates or is substantially similar to NAMCO's copyrights in its videogames as audiovisual works;

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

COMPLAINT
CASE NO.

- 15 -

h. Engaging in any other activity constituting an infringement or any of NAMCO's trademarks, service marks or copyrights or of NAMCO's rights in or rights to use and to exploit such marks; and

i. Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities in subparagraphs 2.a. through 2.h. above.

3. That the Court enter an order under 15 U.S.C. §1116(d)(1)(A) and 17 U.S.C. §§503 and 509(a), authorizing the impounding of all counterfeit or infringing NAMCO products.

4. That the Court order Eagle to pay NAMCO's damages as follows:

a. NAMCO's damages and Eagle's illegally realized profits pursuant to 15 U.S.C. §1117(a), trebled pursuant to 15 U.S.C. §1117(b); or, in the alternative, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2) for Eagle's willful infringement of NAMCO's federally registered trademarks; and in either case NAMCO's reasonable attorneys' fees;

b. NAMCO's damages and Eagle's illegally realized profits for Eagle's violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a);

c. NAMCO's damages and Eagle's illegally realized profits for Eagle's dilution of NAMCO's famous marks;

d. NAMCO's damages and Eagle's illegally realized profits for Eagle's unfair competition;

e. At NAMCO's election, either actual or enhanced statutory damages, together with NAMCO's attorneys' fees and costs, pursuant to 17 U.S.C. §§504 and 505 for infringement of NAMCO's federally registered copyrights; and

f. Exemplary damages according to proof at trial.

5. That the Court enter an order declaring that Eagle holds in constructive trust for NAMCO all profits and unjust enrichment that Eagle unlawfully realized from its advertising, sales and distribution of counterfeit or otherwise infringing products bearing NAMCO's Marks or copyrights;

6. That the Court enter an order requiring Eagle to provide NAMCO a complete accounting of all amounts owed NAMCO as a result of the illegal activities detailed in this Complaint;

7. That the Court award NAMCO its reasonable attorneys' fees and the costs of suit; and

8. That the Court award NAMCO such other and additional relief as is just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated: November 1, 2007        SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
David S. Elkins

Attorneys for Plaintiffs
NAMCO BANDAI GAMES INC. and
NAMCO BANDAI GAMES AMERICA, INC.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury of all issues so triable.

Dated: November 8, 2007        SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
David S. Elkins

Attorneys for Plaintiffs
NAMCO BANDAI GAMES INC. and
NAMCO BANDAI GAMES AMERICA, INC.

COMPLAINT
CASE NO.                        - 17 -