1  Submitting Counsel on Signature Page

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12
   NAMCO BANDAI GAMES INC., a              Case No.  C 07-05674 MMC
13 Japanese corporation, and NAMCO
   BANDAI GAMES AMERICA, INC., a           **STIPULATED PROTECTIVE ORDER**
14 Delaware corporation,

15                 Plaintiff,

16        vs.

17 EAGLE DISTRIBUTING INC., a Nevada
   corporation,
18
                   Defendant.
19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1
   **STIPULATION**

2       Plaintiffs NAMCO BANDAI GAMES INC. and NAMCO BANDAI GAMES

3   AMERICA, INC. (collectively "NAMCO") and defendant EAGLE DISTRIBUTING INC.

4   ("Eagle") stipulate, by and between their respective counsel of record, as follows:

5       1.    PURPOSES AND LIMITATIONS

6       Disclosure and discovery activity in this action are likely to involve production of

7   confidential, proprietary, or private information for which special protection from public

8   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

9   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

10  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

11  all disclosures or responses to discovery and that the protection it affords extends only to the

12  limited information or items that are entitled under the applicable legal principles to treatment as

13  confidential. The parties further acknowledge, as set forth in Section 10, below, that this

14  Stipulated Protective Order creates no entitlement to file confidential information under seal;

15  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

16  that will be applied when a party seeks permission from the court to file material under seal.

17      2.    DEFINITIONS

18          2.1    Party: any party to this action, including all of its officers, directors,

19  employees, consultants, retained experts, and outside counsel (and their support staff).

20          2.2    Disclosure or Discovery Material: all items or information, regardless of

21  the medium or manner generated, stored, or maintained (including, among other things,

22  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

23  responses to discovery in this matter.

24          2.3    "Confidential" Information or Items: information (regardless of how

25  generated stored or maintained) or tangible things that qualify for protection under standards

26  developed under F.R.Civ.P. 26(c).

27          2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

28  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1   nonparty would create a substantial risk of serious injury that could not be avoided by less

2   restrictive means.

3           2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

4   from a Producing Party.

5           2.6    Producing Party: a Party or non-party that produces Disclosure or

6   Discovery Material in this action.

7           2.7.   Designating Party: a Party or non-party that designates information or

8   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

9   Confidential — Attorneys' Eyes Only."

10          2.8    Protected Material: any Disclosure or Discovery Material that is designated

11  as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12          2.9    Outside Counsel: attorneys who are not employees of a Party but who are

13  retained to represent or advise a Party in this action.

14          2.10   House Counsel: attorneys who are employees of a Party.

15          2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well

16  as their support staffs).

17          2.12   Expert: a person with specialized knowledge or experience in a matter

18  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

19  witness or as a consultant in this action and who is not a past or a current employee of a Party or

20  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

21  employee of a Party or a competitor of a Party's. This definition includes a professional jury or

22  trial consultant retained in connection with this litigation.

23          2.13   Professional Vendors: persons or entities that provide litigation support

24  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

25  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

26  subcontractors.

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-2-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-3-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1  material that qualifies for protection under this Order must be clearly so designated before the

2  material is disclosed or produced.

3                Designation in conformity with this Order requires:

4                (a)     for information in documentary form (apart from transcripts of

5  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

7  page that contains protected material. If only a portion or portions of the material on a page

8  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

9  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

10  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY").

12                A Party or non-party that makes original documents or materials available

13  for inspection need not designate them for protection until after the inspecting Party has indicated

14  which material it would like copied and produced. During the inspection and before the

15  designation, all of the material made available for inspection shall be deemed "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

17  documents it wants copied and produced, the Producing Party must determine which documents,

18  or portions thereof, qualify for protection under this Order, then, before producing the specified

19  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

21  Protected Material. If only a portion or portions of the material on a page qualifies for protection,

22  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

23  appropriate markings in the margins) and must specify, for each portion, the level of protection

24  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY").

26                (b)     for testimony given in deposition or in other pretrial or trial

27  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

28  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

1    and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

3    testimony that is entitled to protection, and when it appears that substantial portions of the

4    testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

5    testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

6    have up to 20 days to identify the specific portions of the testimony as to which protection is

7    sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

9    are appropriately designated for protection within the 20 days shall be covered by the provisions

10    of this Stipulated Protective Order.

11        Transcript pages containing Protected Material must be separately bound

12    by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

13    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

14    party offering or sponsoring the witness or presenting the testimony.

15        (c)    for information produced in some form other than documentary,

16    and for  any other tangible items, that the Producing Party affix in a prominent place on the

17    exterior of the container or containers in which the information or item is stored the legend

18    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

19    portions of the information or item warrant protection, the Producing Party, to the extent

20    practicable, shall identify the protected portions, specifying whether they qualify as

21    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

22        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

23    to designate qualified information or items as "Confidential" or "Highly Confidential –

24    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

25    protection under this Order for such material. If material is appropriately designated as

26    "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

27    produced, the Receiving Party, on timely notification of the designation, must make reasonable

28    efforts to assure that the material is treated in accordance with the provisions of this Order.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-5-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2         6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5    waive its right to challenge a confidentiality designation by electing not to mount a challenge

6    promptly after the original designation is disclosed.

7         6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

8    Party's confidentiality designation must do so in good faith and must begin the process by

9    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

10   with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

11   for its belief that the confidentiality designation was not proper and must give the Designating

12   Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

13   change in designation is offered, to explain the basis for the chosen designation. A challenging

14   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

15   and confer process first.

16        6.3    Judicial Intervention. A Party that elects to press a challenge to a

17   confidentiality designation after considering the justification offered by the Designating Party

18   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

19   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

20   challenge. Each such motion must be accompanied by a competent declaration that affirms that

21   the movant has complied with the meet and confer requirements imposed in the preceding

22   paragraph and that sets forth with specificity the justification for the confidentiality designation

23   that was given by the Designating Party in the meet and confer dialogue.

24        The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

26   material in question the level of protection to which it is entitled under the Producing Party's

27   designation.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

7.       ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-7-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    Protected Material must be separately bound by the court reporter and may not be disclosed to

2    anyone except as permitted under this Stipulated Protective Order.

3              (g)    the author of the document or the original source of the

4    information, as well as any actual or identified recipient.

5         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by

7    the Designating Party, a Receiving Party may disclose any information or item designated

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9              (a)    the Receiving Party's Outside Counsel of record in this action, as

10   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

11   for this litigation;

12             (b)    House Counsel of a Receiving Party (1) who has no involvement in

13   competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

14   and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15             (c)    Experts (as defined in this Order) (1) to whom disclosure is

16   reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by

17   Protective Order" (Exhibit A);

18             (d)    the Court and its personnel;

19             (e)    court reporters, their staffs, and professional vendors to whom

20   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21   Bound by Protective Order" (Exhibit A); and

22             (f)    the author of the document or the original source of the

23   information, as well as any actual or identified recipient.

24        7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY" Information or Items to Other Agreed Persons.  The parties contemplate the possible

26   need to disclose information or items designated as "HIGHLY CONFIDENTIAL –

27   ATTORNEYS' EYES ONLY" to persons not otherwise identified in Section 7.3 above.  In the

28   event that they do so, their agreement shall be reflected in a writing that is acknowledged by

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-8-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1   counsel for both NAMCO and Eagle (such as a countersigned letter or an e-mail and e-mail reply

2   in a single chain).  Any person(s) to whom disclosure is made pursuant to this Section 7.4 must

3   sign signed the "Agreement to Be Bound by Protective Order" (Exhibit A) before receiving

4   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items.

5          8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

6   <u>OTHER LITIGATION</u>

7          If a Receiving Party is served with a subpoena or an order issued in other litigation that

8   would compel disclosure of any information or items designated in this action as

9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

10  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

11  and in no event more than three court days after receiving the subpoena or order. Such

12  notification must include a copy of the subpoena or court order.

13         The Receiving Party also must immediately inform in writing the Party who caused the

14  subpoena or order to issue in the other litigation that some or all the material covered by the

15  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

16  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

17  caused the subpoena or order to issue.

18         The purpose of imposing these duties is to alert the interested parties to the existence of

19  this Protective Order and to afford the Designating Party in this case an opportunity to try to

20  protect its confidentiality interests in the court from which the subpoena or order issued. The

21  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

22  confidential material – and nothing in these provisions should be construed as authorizing or

23  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24         9.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26  Material to any person or in any circumstance not authorized under this Stipulated Protective

27  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

28  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

1  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

2  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

3  Be Bound" that is attached hereto as Exhibit A.

4         10.     <u>FILING PROTECTED MATERIAL</u>. Without written permission from the

5  Designating Party or a court order secured after appropriate notice to all interested persons, a

6  Party may not file in the public record in this action any Protected Material. A Party that seeks to

7  file under seal any Protected Material must comply with Civil Local Rule 79-5.

8         11.     <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the

9  Producing Party, within sixty days after the final termination of this action, each Receiving Party

10  must return all Protected Material to the Producing Party. As used in this subdivision, "all

11  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

12  reproducing or capturing any of the Protected Material. With permission in writing from the

13  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

14  of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

15  submit a written certification to the Producing Party (and, if not the same person or entity, to the

16  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

17  the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

18  not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

19  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

21  correspondence or attorney work product, even if such materials contain Protected Material. Any

22  such archival copies that contain or constitute Protected Material remain subject to this Protective

23  Order as set forth in Section 4 (DURATION), above.

24         12.     <u>MISCELLANEOUS</u>

25            12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27            12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

28  Protective Order no Party waives any right it otherwise would have to object to disclosing or

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-10-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3   the material covered by this Protective Order.

4       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5   Dated: January 11, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.

6                                              By: /s/ David S. Elkins
                                                   David S. Elkins (State Bar # 148077)
7                                                  DElkins@ssd.com
                                                   Xavier M. Brandwajn (State Bar # 246218)
8                                                  XBrandwajn@ssd.com
                                                   600 Hansen Way
9                                                  Palo Alto, CA  94304-1043
                                                   Telephone:  +1.650.856.6500
10                                                 Facsimile:   +1.650.843.8777

11                                             Attorneys for Plaintiffs
                                               NAMCO BANDAI GAMES INC. and
12                                             NAMCO BANDAI GAMES AMERICA, INC.

13  Dated: January 11, 2008                    GCA LAW PARTNERS LLP

14                                             By: /s/ Kimberly A. Donovan
                                                   Jeffrey K. Lee (State Bar No. 212465)
15                                                 jlee@gcalaw.com
                                                   Kimberly A. Donovan (State Bar No. 160729)
16                                                 kdonovan@gcalaw.com
                                                   1891 Landings Drive
17                                                 Mountain View, CA  94043
                                                   (650) 428-3900
18                                                 Telephone:  (650) 428-3900
                                                   Facsimile:   (650) 428-3901
19
                                               Attorneys for Defendant
20                                             EAGLE DISTRIBUTING INC.

21      *ATTESTATION:*  Pursuant to General Order 45, I declare under penalty of perjury that

22  concurrence in the filing of this document has been obtained from the other signatory.

23                                             By: /s/ David S. Elkins

24                                             **ORDER**

25      PURSUANT TO STIPULATION, IT IS SO ORDERED.

26
    Dated: _____              _____
27                                             The Honorable Maxine M. Chesney
                                               UNITED STATES DISTRICT JUDGE
28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-11-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3     I, _____ [print or type full name], of _____ [print or type

4 full address], declare under penalty of perjury that I have read in its entirety and understand the

5 Stipulated Protective Order that was issued by the United States District Court for the Northern

6 District of California on [date] in the case of *NAMCO Bandai Games Inc., et al. v. Eagle*

7 *Distributing Inc.*, Case No. C 07-5674 MMC (N.D. Cal.). I agree to comply with and to be bound

8 by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

9 to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10 promise that I will not disclose in any manner any information or item that is subject to this

11 Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12 of this Order.

13     I further agree to submit to the jurisdiction of the United States District Court for the

14 Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16     I hereby appoint _____ [print or type full name] of _____ [print

17 or type full address and telephone number] as my California agent for service of process in

18 connection with this action or any proceedings related to enforcement of this Stipulated Protective

19 Order.

20     Date:

21     City and State where sworn and signed:

22     Printed name:

23                         [printed name]

24

25     Signature:

26                         [signature]

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC