1   Submitting Counsel on Signature Page

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

| NAMCO BANDAI GAMES INC., a Japanese corporation, and NAMCO BANDAI GAMES AMERICA, INC., a Delaware corporation, | Case No.  C 07-05674 MMC |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| EAGLE DISTRIBUTING INC., a Nevada corporation, | |
| Defendant. | |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1                                    **STIPULATION**

2         Plaintiffs NAMCO BANDAI GAMES INC. and NAMCO BANDAI GAMES

3 AMERICA, INC. (collectively "NAMCO") and defendant EAGLE DISTRIBUTING INC.

4 ("Eagle") stipulate, by and between their respective counsel of record, as follows:

5         1.       <u>PURPOSES AND LIMITATIONS</u>

6         Disclosure and discovery activity in this action are likely to involve production of

7 confidential, proprietary, or private information for which special protection from public

8 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

9 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

10 Protective Order. The parties acknowledge that this Order does not confer blanket protections on

11 all disclosures or responses to discovery and that the protection it affords extends only to the

12 limited information or items that are entitled under the applicable legal principles to treatment as

13 confidential. The parties further acknowledge, as set forth in Section 10, below, that this

14 Stipulated Protective Order creates no entitlement to file confidential information under seal;

15 Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

16 that will be applied when a party seeks permission from the court to file material under seal.

17         2.      <u>DEFINITIONS</u>

18               2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

19 employees, consultants, retained experts, and outside counsel (and their support staff).

20               2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of

21 the medium or manner generated, stored, or maintained (including, among other things,

22 testimony, transcripts, or tangible things) that are produced or generated in disclosures or

23 responses to discovery in this matter.

24               2.3    <u>"Confidential" Information or Items</u>: information (regardless of how

25 generated stored or maintained) or tangible things that qualify for protection under standards

26 developed under F.R.Civ.P. 26(c).

27               2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

28 extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1   nonparty would create a substantial risk of serious injury that could not be avoided by less

2   restrictive means.

3           2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

4   from a Producing Party.

5           2.6   <u>Producing Party</u>: a Party or non-party that produces Disclosure or

6   Discovery Material in this action.

7           2.7.   <u>Designating Party</u>: a Party or non-party that designates information or

8   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

9   Confidential — Attorneys' Eyes Only."

10           2.8   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

11   as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12           2.9   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

13   retained to represent or advise a Party in this action.

14           2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

15           2.11   <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well

16   as their support staffs).

17           2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter

18   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

19   witness or as a consultant in this action and who is not a past or a current employee of a Party or

20   of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

21   employee of a Party or a competitor of a Party's. This definition includes a professional jury or

22   trial consultant retained in connection with this litigation.

23           2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

24   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

25   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

26   subcontractors.

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-2-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1      3.      SCOPE

2          The protections conferred by this Stipulation and Order cover not only Protected Material

3   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

4   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

5   parties or counsel to or in court or in other settings that might reveal Protected Material.

6      4.      DURATION

7          Even after the termination of this litigation, the confidentiality obligations imposed by this

8   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

9   otherwise directs.

10     5.      DESIGNATING PROTECTED MATERIAL

11         5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

12  Party or non-party that designates information or items for protection under this Order must take

13  care to limit any such designation to specific material that qualifies under the appropriate

14  standards. A Designating Party must take care to designate for protection only those parts of

15  material, documents, items, or oral or written communications that qualify – so that other portions

16  of the material, documents, items, or communications for which protection is not warranted are

17  not swept unjustifiably within the ambit of this Order.

18         Mass, indiscriminate, or routinized designations are prohibited. Designations that

19  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

20  unnecessarily encumber or retard the case development process, or to impose unnecessary

21  expenses and burdens on other parties), expose the Designating Party to sanctions.

22         If it comes to a Party's or a non-party's attention that information or items that it

23  designated for protection do not qualify for protection at all, or do not qualify for the level of

24  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

25  withdrawing the mistaken designation.

26         5.2     Manner and Timing of Designations. Except as otherwise provided in this

27  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-3-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    material that qualifies for protection under this Order must be clearly so designated before the

2    material is disclosed or produced.

3             Designation in conformity with this Order requires:

4             (a)    for information in documentary form (apart from transcripts of

5    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

7    page that contains protected material. If only a portion or portions of the material on a page

8    qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

9    (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

10   level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY").

12            A Party or non-party that makes original documents or materials available

13   for inspection need not designate them for protection until after the inspecting Party has indicated

14   which material it would like copied and produced. During the inspection and before the

15   designation, all of the material made available for inspection shall be deemed "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

17   documents it wants copied and produced, the Producing Party must determine which documents,

18   or portions thereof, qualify for protection under this Order, then, before producing the specified

19   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

21   Protected Material. If only a portion or portions of the material on a page qualifies for protection,

22   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

23   appropriate markings in the margins) and must specify, for each portion, the level of protection

24   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25   EYES ONLY").

26            (b)    for testimony given in deposition or in other pretrial or trial

27   proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

28   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-4-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

3  testimony that is entitled to protection, and when it appears that substantial portions of the

4  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

5  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

6  have up to 20 days to identify the specific portions of the testimony as to which protection is

7  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

9  are appropriately designated for protection within the 20 days shall be covered by the provisions

10  of this Stipulated Protective Order.

11              Transcript pages containing Protected Material must be separately bound

12  by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

14  party offering or sponsoring the witness or presenting the testimony.

15              (c)     for information produced in some form other than documentary,

16  and for  any other tangible items, that the Producing Party affix in a prominent place on the

17  exterior of the container or containers in which the information or item is stored the legend

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

19  portions of the information or item warrant protection, the Producing Party, to the extent

20  practicable, shall identify the protected portions, specifying whether they qualify as

21  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

22              5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

23  to designate qualified information or items as "Confidential" or "Highly Confidential –

24  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

25  protection under this Order for such material. If material is appropriately designated as

26  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

27  produced, the Receiving Party, on timely notification of the designation, must make reasonable

28  efforts to assure that the material is treated in accordance with the provisions of this Order.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-5-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2    6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5    waive its right to challenge a confidentiality designation by electing not to mount a challenge

6    promptly after the original designation is disclosed.

7    6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

8    Party's confidentiality designation must do so in good faith and must begin the process by

9    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

10   with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

11   for its belief that the confidentiality designation was not proper and must give the Designating

12   Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

13   change in designation is offered, to explain the basis for the chosen designation. A challenging

14   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

15   and confer process first.

16   6.3    Judicial Intervention. A Party that elects to press a challenge to a

17   confidentiality designation after considering the justification offered by the Designating Party

18   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

19   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

20   challenge. Each such motion must be accompanied by a competent declaration that affirms that

21   the movant has complied with the meet and confer requirements imposed in the preceding

22   paragraph and that sets forth with specificity the justification for the confidentiality designation

23   that was given by the Designating Party in the meet and confer dialogue.

24   The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

26   material in question the level of protection to which it is entitled under the Producing Party's

27   designation.

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
600 Hansen Way
Palo Alto, CA  94304-1043

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-7-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    Protected Material must be separately bound by the court reporter and may not be disclosed to

2    anyone except as permitted under this Stipulated Protective Order.

3            (g)    the author of the document or the original source of the

4    information, as well as any actual or identified recipient.

5            7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY"  Information or Items. Unless otherwise ordered by the court or permitted in writing by

7    the Designating Party, a Receiving Party may disclose any information or item designated

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9            (a)    the Receiving Party's Outside Counsel of record in this action, as

10   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

11   for this litigation;

12           (b)    House Counsel of a Receiving Party (1) who has no involvement in

13   competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

14   and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15           (c)    Experts (as defined in this Order) (1) to whom disclosure is

16   reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by

17   Protective Order" (Exhibit A);

18           (d)    the Court and its personnel;

19           (e)    court reporters, their staffs, and professional vendors to whom

20   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21   Bound by Protective Order" (Exhibit A); and

22           (f)    the author of the document or the original source of the

23   information, as well as any actual or identified recipient.

24           7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY" Information or Items to Other Agreed Persons.  The parties contemplate the possible

26   need to disclose information or items designated as "HIGHLY CONFIDENTIAL –

27   ATTORNEYS' EYES ONLY" to persons not otherwise identified in Section 7.3 above.  In the

28   event that they do so, their agreement shall be reflected in a writing that is acknowledged by

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-8-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1    counsel for both NAMCO and Eagle (such as a countersigned letter or an e-mail and e-mail reply

2    in a single chain).  Any person(s) to whom disclosure is made pursuant to this Section 7.4 must

3    sign signed the "Agreement to Be Bound by Protective Order" (Exhibit A) before receiving

4    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items.

5         8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

6    OTHER LITIGATION

7         If a Receiving Party is served with a subpoena or an order issued in other litigation that

8    would compel disclosure of any information or items designated in this action as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

10    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

11    and in no event more than three court days after receiving the subpoena or order. Such

12    notification must include a copy of the subpoena or court order.

13         The Receiving Party also must immediately inform in writing the Party who caused the

14    subpoena or order to issue in the other litigation that some or all the material covered by the

15    subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

16    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

17    caused the subpoena or order to issue.

18         The purpose of imposing these duties is to alert the interested parties to the existence of

19    this Protective Order and to afford the Designating Party in this case an opportunity to try to

20    protect its confidentiality interests in the court from which the subpoena or order issued. The

21    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

22    confidential material – and nothing in these provisions should be construed as authorizing or

23    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24         9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26    Material to any person or in any circumstance not authorized under this Stipulated Protective

27    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

28    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto,  CA  94304-1043

1    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

2    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

3    Be Bound" that is attached hereto as Exhibit A.

4         10.    FILING PROTECTED MATERIAL. Without written permission from the

5    Designating Party or a court order secured after appropriate notice to all interested persons, a

6    Party may not file in the public record in this action any Protected Material. A Party that seeks to

7    file under seal any Protected Material must comply with Civil Local Rule 79-5.

8         11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

9    Producing Party, within sixty days after the final termination of this action, each Receiving Party

10   must return all Protected Material to the Producing Party. As used in this subdivision, "all

11   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

12   reproducing or capturing any of the Protected Material. With permission in writing from the

13   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

14   of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

15   submit a written certification to the Producing Party (and, if not the same person or entity, to the

16   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

17   the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

18   not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

19   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

20   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

21   correspondence or attorney work product, even if such materials contain Protected Material. Any

22   such archival copies that contain or constitute Protected Material remain subject to this Protective

23   Order as set forth in Section 4 (DURATION), above.

24        12.    MISCELLANEOUS

25             12.1    Right to Further Relief. Nothing in this Order abridges the right of any

26   person to seek its modification by the Court in the future.

27             12.2    Right to Assert Other Objections. By stipulating to the entry of this

28   Protective Order no Party waives any right it otherwise would have to object to disclosing or

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-10-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3   the material covered by this Protective Order.

4           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5   Dated: January 11, 2008                     SQUIRE, SANDERS & DEMPSEY L.L.P.

6                                               By: /s/ David S. Elkins
                                                    David S. Elkins (State Bar # 148077)
7                                                   DElkins@ssd.com
                                                    Xavier M. Brandwajn (State Bar # 246218)
8                                                   XBrandwajn@ssd.com
                                                    600 Hansen Way
9                                                   Palo Alto, CA  94304-1043
                                                    Telephone:  +1.650.856.6500
10                                                  Facsimile:   +1.650.843.8777

11                                                  Attorneys for Plaintiffs
                                                    NAMCO BANDAI GAMES INC. and
12                                                  NAMCO BANDAI GAMES AMERICA, INC.

13  Dated: January 11, 2008                     GCA LAW PARTNERS LLP

14                                              By: /s/ Kimberly A. Donovan
                                                    Jeffrey K. Lee (State Bar No. 212465)
15                                                  jlee@gcalaw.com
                                                    Kimberly A. Donovan (State Bar No. 160729)
16                                                  kdonovan@gcalaw.com
                                                    1891 Landings Drive
17                                                  Mountain View, CA  94043
                                                    (650) 428-3900
18                                                  Telephone:  (650) 428-3900
                                                    Facsimile:   (650) 428-3901
19
                                                    Attorneys for Defendant
20                                                  EAGLE DISTRIBUTING INC.

21          ***ATTESTATION:***  Pursuant to General Order 45, I declare under penalty of perjury that

22  concurrence in the filing of this document has been obtained from the other signatory.

23                                              By: /s/ David S. Elkins

24                                          **ORDER**

25          PURSUANT TO STIPULATION, IT IS SO ORDERED.

26  Dated: _____January 15, 2008_____

27                                              The Honorable Maxine M. Chesney
                                                UNITED STATES DISTRICT JUDGE

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043

-11-
STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC

1

2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I, _____ [print or type full name], of _____ [print or type

4  full address], declare under penalty of perjury that I have read in its entirety and understand the

5  Stipulated Protective Order that was issued by the United States District Court for the Northern

6  District of California on [date] in the case of *NAMCO Bandai Games Inc., et al. v. Eagle*

7  *Distributing Inc.*, Case No. C 07-5674 MMC (N.D. Cal.). I agree to comply with and to be bound

8  by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

9  to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10  promise that I will not disclose in any manner any information or item that is subject to this

11  Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12  of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16      I hereby appoint _____ [print or type full name] of _____ [print

17  or type full address and telephone number] as my California agent for service of process in

18  connection with this action or any proceedings related to enforcement of this Stipulated Protective

19  Order.

20      Date:

21      City and State where sworn and signed:

22      Printed name:

23                              [printed name]

24

25      Signature:

26                              [signature]

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 07-05674 MMC