1    SUBMITTING COUNSEL ON SIGNATURE PAGE

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

| | |
|---|---|
| NAMCO BANDAI GAMES INC., a Japanese corporation, and NAMCO BANDAI GAMES AMERICA, INC., a Delaware corporation, | Case No. C 07-05674 MMC |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiff, | |
| vs. | **Date**:   February 15, 2008 |
| | **Time**:   10:30 a.m. |
| EAGLE DISTRIBUTING INC., a Nevada corporation, | **Dept**.:   Courtroom 7, 19th Floor |
| | **Judge**:   The Honorable Maxine M. Chesney |
| Defendant. | |

20

21

22

23

24         Pursuant to Federal Rules of Civil Procedure, Rule 26(f) and the Court's Case

25    Management Conference Order, plaintiffs NAMCO BANDAI GAMES INC. ("NBGI") and

26    NAMCO BANDAI GAMES AMERICA, INC. ("NBGA") (collectively "Plaintiffs" or

27    "NAMCO") and defendant EAGLE DISTRIBUTING INC. ("Defendant" or "Eagle") jointly

28    submit the following Joint Case Management Statement.

1    1.    **J**URISDICTION AND **S**ERVICE.

2        Pursuant to 28 U.S.C. §1331, the Court has original jurisdiction under the United States

3    Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051, *et seq.* (the "Lanham Act") and

4    17 U.S.C. §101, *et seq.* (the "Copyright Act") over NAMCO's claims for trademark infringement,

5    false designations of origin and representations, dilution and copyright infringement.  Pursuant to

6    18 U.S.C. §1367, this Court has supplemental jurisdiction over NAMCO's common law claims.

7    This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332.

8        No issue exists regarding personal service or venue, nor do the parties anticipate one.  No

9    party to this action remains to be served.

10    2.    **A B**RIEF **C**HRONOLOGY **O**F **T**HE **F**ACTS **A**ND **A S**TATEMENT **O**F **T**HE **P**RINCIPAL

11    **F**ACTUAL **I**SSUES **I**N **D**ISPUTE.

12        *Brief Chronology of the Facts*[1]

13        NAMCO manufactures and/or sells trademarked and copyrighted videogames and

14    videogame arcade consoles, including *Pac-Man*, *Ms. Pac-Man*, *Galaxian*, *Rally-X*, *Galaga*, *Dig*

15    *Dug*, *Xevious*, *King & Balloon*, *Mappy*.  NAMCO contends that these marks are famous,

16    inherently distinctive, have achieved widespread secondary meaning and a nationwide reputation

17    of high standards and quality, and are registered in the United States Patent and Trademark

18    Office.  NBGI also owns federally registered copyrights in its videogames as audiovisual works.

19    Despite the persistent success of its videogames over time, NAMCO unfortunately has been

20    damaged by a substantial amount of counterfeiting and attempted counterfeiting.  Counterfeit

21    games and consoles are often inferior to NAMCO or NAMCO-authorized products, not covered

22    by warranties and, as a result, damage and continue to damage NAMCO's reputation.

23        Through its efforts to detect and halt the counterfeiting of NAMCO videogames and

24    videogame consoles, NAMCO discovered that Eagle was and/or is advertising, selling and

25    distributing counterfeit NAMCO videogames and videogame consoles without authorization.

26
27    ---

[1] The factual chronology comes from NAMCO's Complaint.  Rather than preface each part of the chronology with "NAMCO alleges" or "NAMCO contends" to avoid any suggestion that Eagle agrees with NAMCO's allegations, the parties agree that the presence of this chronology in the parties' joint statement constitutes no admission by Eagle and will not be deemed to bind Eagle.

28

1   Eagle uses the NAMCO marks on its counterfeit products and formerly used them on its website

2   (Eagle changed its website after being served with process in this action).  For example, Eagle

3   claimed to be the exclusive seller of a product, a table-style arcade console, which is different

4   from any videogame console made by NAMCO or its former licensee.  This particular console

5   that Eagle sells contains a total of 48 videogame titles—including eight NAMCO titles—and

6   titles developed by NAMCO competitors.  NAMCO has never sold or authorized the sale of any

7   arcade console containing NAMCO titles with a competitor's title(s), and NAMCO has never

8   sold or authorized any arcade console containing more than three NAMCO titles.  Eagle's

9   advertising, sale and distribution of this and similar products thus reflects much more than

10  Eagle's mere resale or "refurbishment" of videogame consoles originally sold by NAMCO or its

11  former licensee (Bally Midway Manufacturing Co.).  Eagle's website, furthermore, declared that

12  all "graphics are manufactured under license from NAMCO, LTD. and provided by TwoBits."

13  TwoBits is not a licensee of NAMCO.  NAMCO contends that Eagle's use of the NAMCO marks

14  in connection with the advertising, sale and distribution of products not authorized by NAMCO is

15  likely to cause confusion, mistake or deception as to the source or origin of Eagle's goods.

16              *Principal Factual Issues For NAMCO*

17          NAMCO contends that the principal factual issues in this case are as follows:

18          a.      Eagle's advertising, sale and distribution of counterfeit videogame consoles

19  and other products containing NAMCO videogame titles, graphics and/or artwork not authorized

20  by NAMCO or its former licensee;

21          b.      The source(s) of the counterfeit arcade consoles and other videogame

22  products that contain NAMCO titles and/or NAMCO's protected graphics and artwork, and that

23  Eagle sold or is selling without authorization; and

24          c.      The nature and amount of any damages suffered by NAMCO as a

25  consequence of the conduct and violations detailed above.

26              *Principal Factual Issues For Eagle*

27          Eagle contends that the principal factual issues in this case are as follows:

28

1          a.     Whether products sold by Eagle were counterfeit or otherwise not

2    authorized by NAMCO;

3          b.     Whether Eagle reasonably relied upon representations by NAMCO and/or

4    others as to the genuineness and license status of the products, which representations NAMCO

5    made, permitted, encouraged, authorized, or otherwise allowed to be made;

6          c.     The nature and amount of damages, if any, suffered by NAMCO as a

7    consequence of the any improper acts by Eagle, as alleged by NAMCO.

8        **3.**     **A BRIEF STATEMENT OF THE DISPUTED POINTS OF LAW**

9        The parties contend that the disputed points of law are whether:

10         a.     Eagle's sales of the products described above infringed NAMCO's

11   trademarks under the Lanham Act, including without limitation 15 U.S.C. §1114(1);

12         b.     Eagle's trademark infringement, if any, was deliberate and willful or, on

13   the other hand, whether it was innocent;

14         c.     Eagle's sales of the products described above constitute false designation

15   of origin, false description and/or false representation in violation of section 43(a) of the Lanham

16   Act (15 U.S.C. §1125(a));

17         d.     Eagle's sales of the products described above diluted NAMCO's marks in

18   violation of section 43(c) of the Lanham Act (15 U.S.C. §1125(c));

19         e.     Eagle's sales of the products described above constitute common law

20   trademark infringement and unfair competition;

21         f.     Eagle's sales and distribution of the products described above infringed

22   NAMCO's copyrights for its videogame titles in violation of 17 U.S.C. §§106 and 501;

23         g.     The applicable statutes of limitations bar or limit NAMCO's recovery in

24   this action; and

25         h.     The doctrines of laches, unclean hands, estoppel, or other equitable

26   principles bar or limit NAMCO's recovery in this action.

27

28

**4.    MOTIONS**

No motions have been filed in this action.  Depending on the progress of discovery and the parties' ongoing private settlement efforts, each party contemplates the possibility of a motion for partial or complete summary judgment.

**5.    AMENDMENT OF PLEADINGS**

NAMCO does not at this time anticipate adding or dismissing any parties or claims. Eagle does not at this time anticipating adding any additional parties or affirmative defenses.  The parties jointly propose February 25 as the deadline to for amending the pleadings.

**6.    EVIDENCE PRESERVATION**

Both NAMCO and Eagle represent that they have taken the appropriate steps to ensure the preservation of evidence relevant to the issues reasonably evident in this action, including prohibiting any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**7.    DISCLOSURES**

The parties contemplate exchanging their initial disclosures on February 25, 2008.

**8.    DISCOVERY**

The parties agreed that Eagle would provide NAMCO informal discovery to assist with their party-to-party discussions about resolving this case.  That informal discovery is proceeding.

The parties anticipate the need for further discovery according to the proposed Rule 26(f) Schedule set forth in Section 17 below.

The parties do not propose any limitations on or modification of the discovery rules that automatically apply under the Federal Rules.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

a.    NAMCO seeks statutory or actual damages for violations of the Lanham Act and Copyright Act, Eagle's profits for unlawful activity, and/or (to the extent not duplicative) damages for NAMCO's state law claims.  NAMCO also seeks treble damages under 15 U.S.C. §1117(b), or, in the alternative, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2) for Eagle's willful infringement of NAMCO's federally registered trademarks.  In either case NAMCO seeks its reasonable attorneys' fees.  NAMCO likewise seeks actual or enhanced statutory damages, together with NAMCO's attorneys' fees and costs, pursuant to 17 U.S.C. §§504 and 505 for infringement of NAMCO's federally registered copyrights.  NAMCO seeks exemplary damages on its state law tort claim.  NAMCO also seeks a Court order declaring that Eagle holds in constructive trust for NAMCO all profits and unjust enrichment resulting from Eagle's alleged unlawful activity, and an order requiring Eagle to provide NAMCO a complete accounting of all amounts owed NAMCO as a result of the illegal activities alleged.  Finally, NAMCO seeks appropriate permanent injunctive relief.

Eagle contends that, even if liability were found, it was an innocent infringer and statutory or actual damages should be de minimus on that basis.  If Eagle prevails in its defenses, Eagle seeks award of its attorneys' fees and costs incurred in defending this action.

The amount of damages sought is subject to discovery, but NAMCO expects that damages will be calculated on traditional bases, including statutory and/or actual damages.  As stated above, NAMCO also seeks enhanced damages and exemplary damages, calculation of which are inherently dependent on the amount of compensatory damages.

**12.    SETTLEMENT AND ADR**

The parties began discussing potential resolution scenarios following service of process.  They have not yet selected an ADR model and have requested a phone conference with the ADR staff and filed their stipulation on February 8, 2008.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Eagle declined consent to have a magistrate judge conduct all further proceedings.

1

### 14.    OTHER REFERENCES

2

The parties do not believe that this case is suitable for reference to binding arbitration, a

3

special master, or the Judicial Panel on Multidistrict Litigation.

4

### 15.    NARROWING OF ISSUES

5

Neither NAMCO nor Eagle foresees the need to resort to any agreement, motion, or other

6

mechanism to narrow the issues or expedite the presentation of evidence at trial.  The parties,

7

similarly, do not at this time request to bifurcate issues, claims or defenses.

8

### 16.    EXPEDITED SCHEDULE

9

The parties do not believe that this case will need to be handled on an expedited schedule.

10

### 17.    SCHEDULING

11

The parties propose the following specific dates:

12

October 24, 2008       Rule 26(a)(2) (expert witness) disclosures

13

November 7, 2008       Fact discovery cut-off date

14

December 12, 2008      Expert discovery cut-off date

15

January 2, 2009        Cut-off date for filing dispositive motions

16

February 20, 2009      Cut-off date for hearing dispositive motions

17

April 7, 2009          Pretrial conference

18

May 11, 2009           Trial

19

### 18.    TRIAL

20

The case will be tried to a jury.  The parties have agreed to and propose a jury trial lasting

21

four court days.

22

### 19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

23

The parties have filed the Certification of Interested Entities or Persons required by Civil

24

Local Rule 3-16.  The parties here again certify that as of this date, other than the parties named

25

in this case, there is no interest to report.

26

27

28

1    **20.    ADDITIONAL MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

2

3    The parties are not currently aware of any such matter, but are hopeful that the settlement

4    discussions they have begun will lead to an informal resolution of the case.

5

6    Dated: February 8, 2008                    SQUIRE, SANDERS & DEMPSEY L.L.P.

7

8                                              By:    /s/  Xavier M. Brandwajn
                                                     _____
9                                                    David S. Elkins
                                                     Xavier M. Brandwajn
10
                                                     Attorneys for Plaintiffs
11                                                   NAMCO BANDAI GAMES INC. and
                                                     NAMCO BANDAI GAMES AMERICA, INC.

12   Dated: February 8, 2008                    GCA LAW PARTNERS L.L.P.

13

14

15                                             By:    /s/  Kimberly A. Donovan
                                                     _____
16                                                   Kimberly A. Donovan
                                                     Jeffrey K. Lee

17                                                   Attorneys for Defendant
                                                     EAGLE DISTRIBUTING INC.

18

19

20

21

22

23

24

25

26

27

28